Jose A. Abarca (#12762)
POLSINELLI PC
2825 East Cottonwood Pkwy, Suite
Salt Lake City, UT 84121
Telephone: (801) 999-3504
jabarca@polsinelli.com

*Attorneys for Defendant*
*Equifax Information Services LLC, incorrectly*
*identified as Equifax Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRYAN K. HAWKER, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EQUIFAX INC.; and DOES 1 through 5, inclusive,<br><br>　　　　Defendants. | **NOTICE OF REMOVAL**<br><br>Case No.  2:25-cv-89<br><br>(Removed from Third Judicial District Court, Salt Lake County, Case No. 250900245) |

　　　　Defendant, Equifax Information Services LLC ("Equifax"), incorrectly identified as "Equifax Inc.", by its attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action from the Third Judicial District Court of Salt Lake County, Utah, to the United States District Court for the District of Utah.  In support, Equifax states as follows:

**PROCEEDINGS IN STATE COURT**

　　　　1.　　On January 13, 2025, Plaintiff Bryan K. Hawker filed his Complaint in the Third Judicial District Court of Salt Lake County, Utah, entitled *Hawker v. Equifax, Inc. et al.*, Case No. 250900245. In conformity with 28 U.S.C. § 1446(a) and DUCivR 81-1, true and correct copies of all process, pleadings, and orders (including a current copy of the docket sheet) are

attached hereto collectively as <u>Exhibit A</u>. There are no other process, pleadings, or orders served upon Equifax to date in this case.

2. Equifax was served with the Complaint on January 17, 2025. (*See* Ex. A). This Notice of Removal is filed within the thirty (30) day time period required by 28 U.S.C. § 1446(b).

3. Pursuant to 28 U.S.C. § 1441(a), venue lies in the United States District Court for the District of Utah, Central Division, because it is the district embracing the place where the State Court Action was filed.

4. Promptly after the filing of this Notice of Removal, Equifax shall give written notice of the filing of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Third Judicial District Court of Salt Lake County, State of Utah, as required by 28 U.S.C. 1446(d).

**GROUNDS OF REMOVAL**

5. In his Complaint, Plaintiff purports to bring claims arising out of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Utah Credit Services Organizations Act Rule, Utah Admin. Code R152-21 (the "State Law Claim"). (*See* Ex. A).

6. This Court has original federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Accordingly, this Court has jurisdiction over Plaintiff's FCRA claims because they arise under federal law.

7. Further, this Court has supplemental jurisdiction over Plaintiff's State Law Claim. 28 U.S.C. § 1367 provides that "in any civil action of which the district courts have jurisdiction,

2

the district courts shall have supplemental jurisdiction over all other claims that are so related to the claims in this action with such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

8. Plaintiff's State Law Claim arises out of the same alleged conduct that forms the basis of Plaintiff's FCRA claim(s), and thus forms part of the same case or controversy under Article III of the United States Constitution. As with his FCRA claim(s), Plaintiff's State Law Claim alleges that Equifax "failed to follow the protections set forth in both federal law and state administrative rules" by purportedly "failing to review, correct, or respond to Plaintiff's inquiries." (*See* Ex. A, Compl. ¶¶ 41-42). Moreover, Plaintiff's State Law Claim, as alleged, does not raise novel or complex issues of state law, nor does it substantially predominate over Plaintiff's FCRA claim(s).

## UNANIMITY OF DEFENDANTS

9. Plaintiff purports to assert claims against fictitious defendants, Does 1-50. Unnamed or "Doe" defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988).

## RESERVATION OF RIGHTS

10. By filing this Notice of Removal, Equifax does not concede nor waive any defense to this action and does not concede that service was properly effectuated.

WHEREFORE, Equifax respectfully requests that the above-described action be removed to this Court.

DATED: February 7, 2025					Respectfully submitted,

								POLSINELLI PC


								By: */s/ Jose A. Abarca*
									Jose A. Abarca
									*Attorneys for Defendant Equifax*
									*Information Services LLC, incorrectly*
									*identified as Equifax Inc.*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, I presented the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.  A copy has also been sent via U.S. Mail to the following:

>Bryan K. Hawker, *plaintiff pro se*
>8928 S. Black Pine St.
>West Jordan, Utah 84088

*/s/ Kaitlin Morgan*